# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WYMILLIAN COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER: _____ |
| ) | |
| LIFE INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now the Plaintiff, Wymillian Cobb, and hereby files her Complaint against Life Insurance Company of North America.

## PARTIES

1. The Plaintiff, Wymillian Cobb ("Cobb"), is a participant under her employer, Atrium Hospitality LP's, health and welfare benefit plan, Group Long Term Disability Policy Number VDT-962217 ("Plan"), who has been improperly denied disability benefits.

2. Defendant, Life Insurance Company of North America ("LINA") is the Claims Administrator for Group Long Term Disability Policy Number VDT-962217 of the health and welfare benefit plan for Atrium Hospitality LP, an employee benefit plan as defined in 29 U.S.C. §1002 (3). Defendant has improperly denied owed

benefits to Cobb under the Plan.  Upon information and belief, LINA is a foreign corporation doing business throughout the United States, in the State of Alabama and in this district.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.  Plaintiff asserts claims for long-term disability benefits, enforcement of ERISA rights, and statutory violations of ERISA under 29 U.S.C. §1132.  This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties.  29 U.S.C. §1132(a),(e)(1) and (f) and 28 U.S.C. §1131.  Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## INTRODUCTION

4. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit plans."  *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983).  Instead of promoting and protecting the interests of Ms. Cobb, Defendant victimized her by engaging in utterly reprehensible claim handling procedures. The shortcomings of ERISA as it relates to claims for "welfare" benefits have been exploited by the Defendant to avoid paying Ms. Cobb's valid claims that would otherwise be payable under state insurance law. As described in more detail below, the Defendant has clearly engaged

in bad faith claim handling and Ms. Cobb, at a minimum, is patently entitled all relief that ERISA provides.

## STATEMENT OF FACTS

5. Ms. Cobb is a participant under Atrium Hospitality LP's, health and welfare benefit plan, Group Long Term Disability Policy Number VDT-962217, an ERISA plan sponsored by her former employer. The plan provides participants, like Ms. Cobb, long term disability ("LTD") benefits.

6. Ms. Cobb is forty-six years old. She worked at Atrium Hospitality LP as a human resources director until she became disabled from all work as of December 19, 2019.

7. Ms. Cobb's medical conditions include rheumatoid arthritis, tendonitis in both heels, inflammation, impaired concentration, impaired memory, elevated blood pressure, migraines, peripheral neuropathy, multiple sclerosis, bursitis, insomnia, fibromyalgia, lupus, impaired mobility, bipolar disorder, depression, anxiety, debilitating pain, fatigue. Ms. Cobb has limited range of motion and suffers impairing side effects from her prescribed medications including fatigue, drowsiness, and dizziness. Her restrictions and limitations from her medical conditions render Ms. Cobb unable to perform all work as indicated by her treating physicians and the Social Security Administration.

8. Defendant denied Ms. Cobb's claim for long-term disability benefits by letter dated June 25, 2020.

9. Through counsel, Plaintiff submitted an appeal dated December 21, 2020.

10. Despite receiving extensive evidence showing Ms. Cobb's continuing chronic pain, fatigue, cognitive impairment, limited range of motion, limited mobility, and debilitating side effects from her necessary medications, LINA issued a final denial for her LTD benefits by letter dated March 22, 2021.

11. In both the denial and appeal denial, LINA relied on the opinions of its paid medical reviewers who never examined Ms. Cobb.

12. Ms. Cobb's treating physicians repeatedly opined that Ms. Cobb has severely debilitating restrictions and limitations and could not return to work.

13. As of this date Ms. Cobb has been denied benefits rightfully owed to her under the plan. Defendant's decision to deny LTD benefits under the plan was grossly wrong, without basis and contrary to the evidence.

14. Ms. Cobb met and continues to meet the plan definitions of "disabled."

15. The Defendant did not establish and maintain a reasonable claim procedure or provide a full and fair review of Ms. Cobb's claim as required by ERISA. Instead, Defendant acted only in its own pecuniary interests and violated ERISA by conduct including, but not limited to, the following: reviewing the claim

in a manner calculated to reach the desired result of denying benefits and failing to properly consider and credit the medical opinions of Ms. Cobb's medical providers and the Social Security Administration.

16. Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to any other entity who may have adjudicated Ms. Cobb's claim. Therefore, the Court should review the Plaintiff's claim for benefits under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In the alternative, the denial of Plaintiff's benefits constitutes an abuse of discretion.

17. Upon information and belief, LINA was required to both evaluate and pay claims under the Plan at issue, creating an inherent conflict of interest.

18. Ms. Cobb has exhausted any applicable administrative review procedures, and Defendant's refusal to pay benefits is both erroneous and unreasonable and has caused tremendous financial hardship on Plaintiff.

**DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT**

**A.  Defendant's Determination that Plaintiff does not Meet the Definition of Disability as Stated in the Plan was both Erroneous and Unreasonable.**

19. The Long-Term Disability plan at issue states, in part:

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because Injury or Sickness, he or she is:

>   1.  unable to perform the material duties of his or her Regular Occupation; and
>   2.  unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
>   1.  unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
>   2.  unable to earn 60% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

(*See* Exhibit "A").

20. Ms. Cobb's treating physicians and the Social Security Administration all determined that Ms. Cobb's restrictions and limitations were so severe that she would be unable to perform any work at any exertional level. However, Defendant ignored those supported opinions and based its denial on flawed and unreliable medical and vocational evidence and analyses that were obtained from biased and conflicted sources. Defendant also disregarded reliable evidence establishing Ms. Cobb's ongoing disability.

21. Ms. Cobb struggles with debilitating pain and symptoms from her conditions every single day. Defendant's assertion that she is not disabled is at the very least unreasonable.

**B.      Defendant's Decision to Terminate Long Term Disability Benefits was not Supported by Substantial Evidence.**

22.    In its consideration of Ms. Cobb's claim, Defendant only retained paid consultants to review her medical records. The sole reason for Defendant's termination was based on the opinions of paid paper reviewers, who never actually examined Ms. Cobb, and determined that she did not suffer disabling restrictions and limitations.

23.    Considering the nature of her conditions and her well-documented struggles with treatment, the notion that she is not restricted from work is absurd. LINA determined that an in-house vocational analysis and medical file reviews were superior to years of treatment records and recommendations from Ms. Cobb's actual treating physicians.

24.    Ms. Cobb's medical file clearly demonstrates that she is disabled. Ms. Cobb's treating physicians have attested to her disabilities on multiple occasions. Defendant had access to records from Ms. Cobb's treating physicians clearly documenting Ms. Cobb's constant struggle with debilitating pain and the symptoms from her many serious medical conditions. When LINA could not find evidence to rebut Ms. Cobb's claim, LINA resorted to attempting to support its claim that Ms. Cobb is not disabled by referring to her need for virtual, telephonic and rescheduled office visits in the midst of the Covid-19 pandemic, all while disregarding that Ms. Cobb is an individual at considerable risk for infection and serious complications.

25. The records of Ms. Cobb's long-standing medical providers, who have no stake in the outcome of the case, clearly evidence that she is disabled based on their numerous personal examinations, testing, and procedures. Their opinions are consistent with the record as a whole.

26. Defendant's hired medical reviewers, on the other hand, did not examine Ms. Cobb. The conclusion that Ms. Cobb was not disabled was based merely on hired reviewers' assessment of her medical records. The opinions of Defendant's medical reviewers do not support the revocation of benefits because the opinions of these non-examining consultants hired by the insurance company are the only "evidence" contrary to the opinions of Ms. Cobb's treating physicians.

27. Not only did Defendant's hired medical consultants never examine Ms. Cobb but there is no evidence to support their position that she was less restricted than indicated by her treating physicians.

28. Ms. Cobb's own medical physicians' evaluations were objective and reliable and should have been afforded far greater weight than those of consultants hired by Defendant. Accordingly, Defendant's termination of Ms. Cobb's LTD benefits was based on insufficient evidence.

    **C.    Defendant's Failure to Properly Credit Ms. Cobb's Well-Documented Complaints Pain was Arbitrary and Capricious.**

29. Ms. Cobb's primary disabling impairments have been established by objective proof and have been diagnosed by her treating physicians based on her

8

medical history, surgical interventions, physical examinations, imaging and observation.

30. While pain can be a subjective component of Ms. Cobb's conditions it is reasonable and expected that her conditions would cause the level of pain claimed by Ms. Cobb.

31. In the denial letters, LINA made no mention of how Ms. Cobb's severe pain and fatigue would affect her ability to perform work.

32. The record in this case reveals well-documented complaints of debilitating pain. There is no objective evidence to contradict Ms. Cobb's complaints and therefore Defendant's cannot discredit her subjective complaints.

33. It was substantively unreasonable for the Defendant to deny benefits for Ms. Cobb's disabilities involving subjective elements such as pain and fatigue.

34. Ms. Cobb has submitted credible evidence of the subjective components of her conditions and objective evidence of the underlying conditions causing her pain.

35. Defendant made no effort to evaluate the veracity of Ms. Cobb's claim and did not identify what objective evidence she could have or should have produced to be sufficient to prove subject elements of her claim.

36. Ms. Cobb's medical records contain well-documented complaints of pain and treatments prescribed by her treating physicians. The records provided to LINA

show Ms. Cobb's long-time struggles with pain, fatigue, limited mobility, as well as a host of other side effects from her necessary medications.

37. Defendant did not credit these well-documented complaints or the opinions of Ms. Cobb's treating physicians, and instead unreasonably denied her claim.

38. In its review, LINA also failed to consider non-exertional limitations including (1) impaired concentration due to pain and medication side effects; (2) limited dexterity and range of motion; and (3) a limited ability to remain seated for an extended period of time. Such non-exertional limitations are important aspects of vocational capacity that the Defendant did not properly evaluate.

## CAUSES OF ACTION

### Count One
### ERISA (Claim for Benefits Owed under Plan)

39. Plaintiff hereby incorporates by reference every fact as if it were restated herein.

40. At all times relevant to this action Ms. Cobb was a participant Atrium Hospitality LP's, Health and Welfare Benefit Plan, Group Long Term Disability Policy Number VDT-962217, an ERISA plan sponsored by her employer, Atrium Hospitality LP, within the meaning of 29 U.S.C § 1002(7) and was eligible to receive disability benefits under the Plan.

41. As more fully described above, the denial and refusal to pay Ms. Cobb benefits under the Plan for the period of at least on or about March 2020 through the present constitutes a breach of Defendant's obligations under the plan and ERISA. The decision to deny benefits to Ms. Cobb was not reasonable and it was not based on substantial evidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*;

2. That the Court may take and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. From at least December 2019 through the present, Ms. Cobb met the Plan's definition of disabled;

4. Defendant shall pay Ms. Cobb all benefits due for the period from at least March 2020 through the present in accordance with the policy;

5. Defendant shall pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

6. Defendant shall continue paying Plaintiff's benefits in an amount equal to the contractual amount of benefits to which she is entitled through the Plan's

Maximum Benefit Periods so long as she continues to meet the Plan's conditions for continuance of benefits;

7. Defendant shall pay attorney's fees for Plaintiff's counsel pursuant to 29 U.S.C. § 1132(g);

8. Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

                Respectfully Submitted,

                /s/ *Amanda Stansberry*
                Amanda Stansberry (ASB-7793-M64S)

STANSBERRY LAW, LLC
3535 Grandview Parkway
Suite 310
Birmingham, Alabama 35243
Phone: 205-383-7996
Fax: 833-583-4357
amanda@stansberrylaw.com


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Life Insurance Company of North America
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL  36104